UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:14-CV-34 (WOB-CJS)

ELECTRONICALLY FILED

| | |
|---|---|
| HUE ENTERPRISES, INC., ET AL. | PLAINTIFFS/COUNTERCLAIM DEFENDANTS |
| NADINE HUE HELLINGS, TRUSTEEFOR MARY JANE HUE | INTERVENING PLAINTIFF |
| VS. | |
| G. GORDON HUE, JR. | DEFENDANT/COUNTERCLAIM PLAINTIFF |
| VS. | |
| TIMOTHY HUE | DERIVATIVE CLAIM DEFENDANT |

AMENDED INTERVENING COMPLAINT

Comes now the Intervening Plaintiff, NADINE HUE HELLINGS, TRUSTEE FOR

MARY JANE HUE, by and through counsel, and as her Intervening Complaint, states

as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff Hue Enterprises, Inc. ("Hue") is a Kentucky corporation having its principal place of business in Covington, Kentucky.

2. Plaintiff Cork 'n Bottle, Inc. ("Cork") is a Kentucky corporation having its principal place of business in Covington, Kentucky.

3. Intervening Plaintiff, Nadine Hue Hellings, Trustee for Mary Jane Hue, is a resident of the Commonwealth of Kentucky.

4.  Intervening Plaintiff, The Bank of Kentucky, Inc. ("Bank of Kentucky") is a Kentucky corporation having its principal place of business in Crestview Hills, Kentucky.

5.  Defendant, G. Gordon Hue, Jr. ("Gordon") is a resident of the State of Ohio.

6.  Jurisdiction in the United States District Court is proper based on the complete diversity of citizenship of Plaintiffs and Intervening Plaintiffs on the one hand and Defendant on the other under 12 U.S.C. §1332(a), since the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.  Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2) on the basis that the bourbon that is the subject of this lawsuit was wrongfully removed from Cork's Crescent Avenue location in Covington, Kentucky.

## COUNT I

8.  Nadine Hue Hellings is the duly appointed Trustee of her 93 year old mother, Mary Jane Hue.

9.  That at all times relevant, Mary Jane Hue was the spouse of G. Gordon Hue, Sr., the founder and owner of I-75 Cork 'n Bottle (hereinafter "Cork").

10. That at some time prior to his death, G. Gordon Hue, Sr. as a personal investment, purchased barrels and cases of select bourbon, which is the subject matter of this litigation.

11. That G. Gordon Hue, Sr. died in 2004 leaving his entire estate to Mary Jane Hue.

12. That the bourbon was never entered into the inventory of the Cork and by virtue of the death of G. Gordon Hue, Sr., became the property of Mary Jane Hue.

13. That Mary Jane Hue's interest is superior to any other party claiming an interest.

## COUNT II

14. Mary Jane Hue loaned to G. Gordon Hue, Jr., 12-14-2010, $75,000.00 to go into Hue Enterprises, Inc. and Cork in the form of cash infusions and product.

15. Mary Jane Hue loaned G. Gordon Hue, Jr, 12-19-2012, an additional $65,000.00 to go into Hue Enterprises, Inc. and Cork in the form of cash infusions and product.

16.  That these amounts remain unpaid.


For her Claims against Timothy Hue, Intervening Plaintiff Nadine Hue Hellings say as follows:

## NATURE OF THE ACTION

17.  This case is about the decline and fall of a northern Kentucky landmark, the wine and spirits retailer Cork 'n Bottle (the "Company").  Cork 'n Bottle has a long and proud history of successful operations in northern Kentucky.  It was founded by the father of Nadine Hue Hellings, Gordon Hue, Stefanie Hue Hacker, and Timothy Hue.  It remains a closely-held Kentucky corporation owned by Timothy Hue and three of his siblings.

18.  This is a derivative action for breach of fiduciary duty, self-dealing and corporate waste against the individual Timothy Hue and a direct action by a shareholder against Timothy for breach of fiduciary duty.

19.  Intervening Plaintiff Nadine Hue Hellings has been a shareholder of the Company since the time of her father's death.  She resides in Kenton County, Kentucky, is a current shareholder of the Company, and, as of the summer of 2013, owned 9% of the outstanding shares of the Company.

20.  Claim Defendant Timothy Hue ("Timothy") is a shareholder of the Company and has been, for many years, an officer of the Company.  He currently holds the title of President and runs the day-to-day operations of Cork 'n Bottle.  He is a current shareholder of the Company, and, as of the summer of 2013, owned 44.4% of the outstanding shares of the Company.  He resides in Hamilton County, Ohio.

21.  Plaintiffs and nominal claim defendants Hue Enterprises, Inc. and Cork 'n Bottle, Inc. are Kentucky corporations with their principal place of business in Covington, Kentucky.

## FACTUAL BACKGROUND

22.  Cork 'n Bottle has been a family-owned and operated business since December 1963.  It has been a successful enterprise and one of the leading retail sellers of wine, beer and spirits in northern Kentucky.

23. Since 2011, Timothy had been managing the day-to-day affairs of Cork 'n Bottle. For those duties, he received an annual salary for which he received a W-2 from the Company.  He held the title of President of Cork 'n Bottle and owed to the Company fiduciary duties.

24. Notwithstanding his obligations to the Company and its shareholders, when members of his family got into the finances of the company, they discovered that Timothy had regularly taken Company assets for his personal benefit rather than the benefit of the Company or its shareholders.  Specific examples of those expenses are as follows:

    • Life insurance costing the firm thousands of dollars each month.
    • Country club dues for Timothy and his family – for the Traditions Golf Course and Five Seasons Sports.
    • Dues for the Cincinnati Athletic Club.
    • Travel, including numerous family vacations.
    • Restaurant and take-out food purchases of a non-business nature.
    • Multiple automobiles operated by Timothy and his wife, including insurance on those automobiles and gas.
    • Credit cards held by Timothy and his wife and used to pay for other personal expenses.
    • A personal charge account with the store.

    In the case of the country club and Cincinnati Athletic Club dues, the Board authorized the expenditures on a temporary basis going forward to be re-evaluated based upon who much Company business the activity generated.

25. In addition to those items, Timothy also has withdrawn, without payment, large quantities of product from the store for personal purposes – consumption or otherwise.

26. Much of the personal expenditures and charges that Timothy incurred were written off or buried as expenses by the accounting firm to which Timothy paid very high fees using Company funds.

27. Upon information and belief, the aggregate of the amounts that Timothy has taken from the Company for his own personal use are in the hundreds of thousands of dollars beyond his salary.

28. Prior to the summer of 2013, the shareholder directors of the Company comprised a majority of the Board and were working to put into place strict controls to preclude Timothy from continuing to convert Company assets to his own personal benefit. Those matters were the subject of discussions at Board meetings during that time

period.  Included among those controls was the removal of Timothy from direct oversight of day-to-day operations of the Company.

29. One of the subjects of the discussion at the Board level was the Company's obligation to file 1099 forms with the IRS covering the personal expenses that Timothy had paid with Company funds.  The preparation of those filings was underway at the time that Timothy took control of the Company.

30. In the summer of 2013, Timothy arranged to purchase the shares held by his brother Barry – at the time a 10.5% interest in the Company.  He paid $50,000 for those shares, money that he would not have had if he had not been converting tens of thousands of Company assets every year to his own use.  Upon the conclusion of that transaction, he nominally held a controlling 54.9% interest in the Company.

31. Using that nominal control, he called for a special meeting of shareholders for the purpose of throwing out the existing shareholder board members and replacing them with his cronies.

32. That board meeting occurred on August 19, 2013.  Upon information and belief, the Directors of Hue Enterprises have, since the time of that meeting, taken no steps to seek reimbursement from Timothy to the Company for the money that he has taken from the Company and put to his personal use.

33. By his actions, Timothy has put the Company at risk of having under-reported payroll taxes due and underwithheld payroll taxes due to the state and federal taxing authorities.

## DEMAND FUTILITY

34. In the summer of 2013, Timothy, utilizing his new-found power as majority shareholder of the Company, caused the shareholder directors to be removed and replaced by non-shareholder directors who were cronies of his and who serve at his whim and direction.

35. Asking those directors who are in their positions solely because of their friendship with Timothy and because his vote to put them into place to investigate and pursue claims that the Company has against Timothy is futile.  They understand that, at any time, Timothy can call another special shareholder meeting and once again remove a majority of the directors and replace them with others more favorable to him.

36. A demand that the Company pursue an action against Timothy for breach of fiduciary duty, wasting corporate assets, unjust enrichment and imposition of a constructive trust, would be futile, as the day-to-day management of the Company is controlled by Timothy, and the directors all serve at his pleasure.

## COUNT III - BREACH OF FIDUCIARY DUTY

37. Plaintiff restates the allegations contained in paragraphs 1 through 44 above as if fully rewritten herein.

38. Timothy has breached his fiduciary duties to the Company and to the other shareholders by appropriating for himself extraordinary benefits from the Company. These benefits include but are not limited to payment of personal and/or household expenses such as groceries, travel, health club costs, car lease payments, and cell phone bills from the Company's monies; all causing damages to Plaintiff and to the Company in an amount to be determined at trial.

39. Timothy has undertaken to hide his breaches of fiduciary duties to the corporation and self-dealing by failing to disclose the material facts surrounding those actions to Plaintiff, in violation of his fiduciary duties of full disclosure, utmost good faith and loyalty.   At great expense to the Company, he has retained the services of accountants loyal to him, and brought those accountants back after the shareholder Board had discharged them.

40. The foregoing actions have caused damages to Plaintiff and the Company in an amount to be determined at trial.

## COUNT IV - UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

41. Plaintiff restates the allegations contained in paragraphs 1 through 49 above as if fully rewritten herein.

42. In breach of his fiduciary duties, Timothy has wrongfully diverted assets that rightfully belong to all of the shareholders of the Company to himself.   On information and belief, Timothy has used resources available to him by virtue of his status and position with the Company for his own benefit.  Those assets include the assets that enabled Timothy to acquire the shares of his brother Barry, in the summer of 2013.

43. To prevent unjust enrichment of Timothy, a constructive trust should be placed on all assets, resources, and opportunities wrongfully acquired by Timothy, including, without limitation, the shares of his brother's stock that he would not have been able to purchase but for his diversion of Company assets to himself.

– 6 –

## COUNT V – INJURY TO COUNTERCLAIM PLAINTIFFS AS SHAREHOLDERS IN THE COMPANY

44. Plaintiff restates the allegations contained in paragraphs 1 through 49 above as if fully rewritten herein.

45. As a shareholder of the Company, Plaintiff has never received any dividends or distributions to shareholders of profits from the Company because the actions of Timothy have insured that there are no such profits of the Company.  But for Timothy's actions, there would have been such profits and the shareholders would have been entitled to share in them.

46. The value of the Plaintiff's stock in the Company has been reduced by the actions of Timothy in an amount that will be determined at trial.

**WHEREFORE,** the Intervening Plaintiff, Nadine Hue Hellings, Trustee for Mary Jane Hue requests a judgment as follows:

- granting her the bourbon;

- against Hue Enterprises, Inc. and I-75 Cork 'n Bottle for $137,500.00 together with interest;

And on her own behalf, requests a judgment as follows:

- that the Court direct an accounting of all of the Company assets that Timothy Hue has converted to his own personal use;

- that the Court impose upon Timothy Hue's assets – including specifically the shares of stock in the Company that he purchased from his brother – a constructive trust for the benefit of all of the shareholders of the Company;

- that the Court preclude Timothy Hue from voting the shares of stock of the Company that he purchased from his brother because they were purchased with assets that belonged to the Company as a whole;

- that the Court direct Timothy Hue to account to Cork 'n Bottle for all sums misappropriated by him from the Company, including but not limited to all sums paid as detailed in this Complaint;

- that the Court award Plaintiff damages resulting from Mr. Timothy Hue's breach of fiduciary duty and punitive damages therefor;

- that the Court award Plaintiff her costs and attorneys' fees in connection with this action; and

- that the Court order all other relief that the Court deems just and equitable.

/s/Harry P. Hellings, Jr.
**HARRY P. HELLINGS, JR., P.S.C.**
**KBA #30635**
214 East Fourth Street
Covington, Kentucky 41011
(859) 431-7200
Fax No. (859) 431-2194

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed through the Court's electronic filing system which will send notice of this filing to counsel on this 20th day of June, 2014.
.

/s/Harry P. Hellings, Jr.
**HARRY P. HELLINGS, JR., P.S.C.**